## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.S.-1**

**No. 18-0685** (McDowell County 16-JA-096)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father K.S.-2, by counsel Dennie S. Morgan Jr., appeals the Circuit Court of McDowell County's June 22, 2018, order terminating his parental, custodial, and guardianship rights to K.S.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Monica Oglesby Holliday, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court was clearly erroneous in terminating his parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, the DHHR filed an abuse and neglect petition against the mother alleging that she drove under the influence while K.S.-1 was in the vehicle and that she abused substances while pregnant. In August of 2017, the DHHR amended the petition to include allegations that petitioner was the biological father of K.S.-1 and that he was not an active participant in the child's life. The DHHR alleged that petitioner was serving a period of incarceration in Virginia after entering a guilty plea to five counts of "distribution of a scheduled I/II substance." According to the DHHR, petitioner's projected release date was in November of 2021. Additionally, the DHHR alleged that petitioner was previously convicted of one count of "buying stolen goods less than [two-hundred dollars]" and a separate count of distribution of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, as the child and father share the same initials, we refer to them as K.S.-1 and K.S.-2 throughout this memorandum decision.

1

controlled substances. The DHHR further alleged that petitioner violated the terms of his probation five times.

The circuit court held an adjudicatory hearing in February of 2018 and heard evidence regarding the allegations of abuse and neglect. Petitioner did not appear, but was represented by counsel. Ultimately, the circuit court adjudicated petitioner as an abusing parent based on his failure to support the child. The circuit court set a date for a dispositional hearing, which was later continued.

In June of 2018, the circuit court held a final dispositional hearing. Petitioner did not appear, but was represented by counsel. The DHHR introduced evidence of petitioner's criminal history and current order of incarceration. The circuit court also took judicial notice of the mother's prior testimony that petitioner "had no participation in the son's life." The circuit court reasoned that petitioner was absent from the first three years of the child's life and would be absent until November of 2021. Ultimately, the circuit court terminated petitioner's parental, custodial, and guardianship rights in its June 22, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court clearly erred in terminating his parental, custodial, and guardianship rights "beyond clear and convincing evidence." Petitioner asserts that the record does not support the necessary findings that there is no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the child. We disagree. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental, custodial, and guardianship rights

---

[2]The mother voluntarily relinquished her parental rights to K.S.-1. According to the parties, the permanency plan for the child is adoption in his current foster placement.

upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child."

The record below supports findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the child. It is uncontested that petitioner never had any relationship with the child. Testimony provided that petitioner "had no participation in [his] son's life" and petitioner did not challenge this evidence below. Further, petitioner's guilty plea led to his incarceration and inability to exercise any relationship with the child. Additionally, the record shows that petitioner made no attempt to comply with a reasonable family case plan or services to remedy the conditions of abuse and neglect. Petitioner asserts that the conditions of abuse and neglect would be remedied when he was released from incarceration. Yet, that necessarily means that the conditions would not be remedied for another three years. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a civil child abuse and neglect be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." Accordingly, the three-year delay that petitioner requested is against the applicable rules. Further, on appeal, petitioner asserts a public policy argument that incarcerated parents should be granted an opportunity to participate when "the discharge date from prison is known to the court and would be in the best interest of the child." Petitioner asserts that this should be encouraged because "it creates and/or preserves a bond between that child and their parent." However, petitioner offered no evidence below that it would be in the child's best interests to have an absent parent or even that a bond exists between him and K.S.-1. Accordingly, we find no merit to this argument and affirm the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

3